IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO CABALLERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 3:11-CV-01385-O |
| | § | |
| WELLS FARGO BANK, N.A., Successor | § | |
| by Merger to Wells Fargo Bank Southwest, | § | |
| N.A. f/k/a Wachovia Mortgage FSB f/k/a | § | |
| World Savings Bank, FSB, | § | |
| | § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION TO VALIDATE THE DEBT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby files this Brief in Support of its Motion to Dismiss Plaintiff's Original Petition to Validate the Debt.

**I.
INTRODUCTION**

This lawsuit, which Plaintiff Antonio Caballero ("Plaintiff") filed on May 27, 2011, arises out of a scheduled foreclosure sale on the real property located at 14105 Rocksprings Court, Dallas, Texas 75254 (the "Property"). In Plaintiff's Original Petition to Validate the Debt (the "Petition"), Plaintiff asserts claims for violations of the Texas Debt Collection Act ("TDCA") and the Texas Business and Commerce Code, and appears to assert claims for violations of the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff also seeks a declaration from the Court declaring that Wells Fargo must "produce the note" before

BRIEF IN SUPPORT OF WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION TO VALIDATE THE
DEBT    PAGE 1

foreclosing. Plaintiff's claims against Wells Fargo should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.
## STATEMENT OF FACTS[1]

1.  Plaintiff financed his purchase of the Property by "allegedly" signing a promissory note (the "Note") secured by a purchase money deed of trust (the "Deed of Trust"). (Petition ¶ 8.) Plaintiff signed the Deed of Trust in favor of World Savings Bank, FSB ("World Savings"). (*See* Appx. at 1.)[2] Plaintiff takes no position on whether he defaulted on the Note and Deed of Trust, but does concede that the Property was scheduled for foreclosure on June 7, 2011. (*Id.*)

2.  Plaintiff alleges that he sent two Qualified Written Requests ("QWR") under RESPA to "Servicer or Current Mortgagee." (*Id.*) Plaintiff alleges that he sent the first QWR on February 1, 2011, requesting that the servicer and mortgagee give Plaintiff the name of the current owner and holder of the Note, and that Plaintiff be able to inspect the original Note and its entire loan history. (*Id.*) Plaintiff alleges that he sent the second QWR on May 11, 2011, but he does not disclose its subject matter. (*Id.*) Plaintiff's Petition is unclear on whether the "Servicer or Current Mortgagee" responded to either alleged QWR.

3.  Plaintiff filed this lawsuit in the 44th Judicial District Court of Dallas County, Texas. Wells Fargo properly removed the case to this Court on the basis of federal question and

---

[1] Although the allegations in the Petition must be taken as true in this Motion, Wells Fargo reserves their right to challenge those factual allegations at the appropriate time.

[2] "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). A court may clearly take judicial notice of matters contained in public records. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Accordingly, in ruling on Wells Fargo's Motion, Wells Fargo requests that the Court take judicial notice of the Deed of Trust that is filed of record in the Dallas County real property records and being filed contemporaneously with this Motion at Appx. 1-16. Specifically, Wells Fargo requests that the Court take judicial notice of the fact that the Deed of Trust lists World Savings Bank, FSB as Plaintiff's original lender.

diversity jurisdiction. Plaintiff asserts claims for violations of the TDCA and the Texas Business and Commerce Code, and he seeks declaratory relief. Plaintiff also appears to assert claims for violations of RESPA. Plaintiff's claims center on his position that Wells Fargo must "produce the Note" before foreclosing.

## III.
## ARGUMENTS AND AUTHORITIES

**A.   Applicable Standard**

4.   Plaintiff's claims do not withstand scrutiny under Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("'naked assertions' devoid of 'further factual enhancement,'" along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth); *Escuadra v. Geovera Specialty Ins. Co.*, No. 1:09-CV-974, 2010 WL 3633009, *6 (E.D. Tex. Sept. 9, 2010) (noting that dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to

dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

5.  Moreover, demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Aschcroft*, 129 S.Ct. at 1949. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Ashcroft*, 129 S.Ct. at 1950. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

6.  In light of the standard for dismissal under Rule 12(b)(6), Plaintiff's claims under the TDCA and the Texas Business and Commerce Code, his claim for declaratory judgment, and his apparent claim under RESPA, all fail and warrant dismissal under Rule 12(b)(6).

**B.  Plaintiff Fails to State Claims for Violations of the TDCA and Texas Business and Commerce Code, and For Declaratory Judgment**

7.  Plaintiff's claims under the TDCA, (Petition ¶¶ 9-11) the Texas Business and Commerce Code (*id.* ¶¶ 12-14), and for declaratory judgment (*id.* ¶ 15) (hereinafter, collectively the "Show-Me-The-Note Claims"), are all contingent on Plaintiff's underlying theory that Wells Fargo was required to produce the original note before proceeding with foreclosure. (*See id.* ¶ 11 (stating that because Wells Fargo has not produced the original Note, it has "not shown that [it is] the Holder of the Note, and [has] not [sic] right to attempt to enforce such note"); *id.* ¶ 12 ("Because Defendants have provided no evidence that they are in fact Holder of the Note, they have no authority to collect on the Note."); *id.* ¶ 15 ("The Plaintiff requests that the court Orders

that Defendants must produce the one and only Original Promissory Note signed by the Plaintiff for inspection . . . .").) Plaintiff's show-me-the-note theory is not recognized under Texas law.

8. The show-me-the-note theory is based on the notion that only the holder in due course of the original note and deed of trust can institute foreclosure proceedings. However, the theory is inapplicable to non-judicial foreclosure proceedings and invalid under Texas law. *See Sawyer v. Mortgage Elec. Registration Sys., Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010) (stating that Texas law does not require a mortgage servicer to be a holder of a note in order to foreclose); *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *3 (W.D. Tex. Apr. 26, 2011) (dismissing plaintiff's request for declaratory relief, and claims under the Texas Business and Commerce Code and TDCA, because they rested on the "invalid 'show-me-the-note' theory"); *Athey v. Mortgage Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 165-66 (Tex. App.—Eastland 2010, pet. denied) (affirming a mortgage servicer's authority to conduct a non-judicial foreclosure without the servicer establishing that it is the owner or holder of the original note). As the *Sawyer* court stated:

> Texas law allows a mortgage servicer . . . to administer the foreclosure of property on behalf of a mortgagee if certain conditions are met. *See* TEX. PROP. CODE ANN. § 51.0025 (Vernon 2005). None of those conditions require the mortgage servicer to be the "holder" of the Note and Deed of Trust or to produce the original loan documents. Because all of plaintiff's claims are based on an erroneous legal assumption, his complaint should be summarily dismissed.

*Sawyer*, 2010 WL 996768, at *3; *see also* TEX. PROP. CODE § 51.002(a)-(h) (setting forth requirements for non-judicial foreclosure in Texas, which do not include producing original note).

9.  In this case, Plaintiff makes assertions similar to the plaintiff in *Sawyer*—that Wells Fargo must prove it is the holder of the original note to foreclose or collect payments. (*See* Petition ¶¶ 11, 12, 15.) Texas law has no such requirement. Because Plaintiff's Show-Me-The-Note Claims "are based on an erroneous legal assumption[,]" they must be dismissed. *See Sawyer*, 2010 WL 996768, at *3.

### C. Plaintiff's Show-Me-The-Note Claims are Preempted by the Homeowner's Loan Act ("HOLA")

(a) *HOLA Preemption Applies to Wells Fargo in this Case*

10.  Even if Plaintiff's Show-Me-The-Note Claims do not fail because they have no legal basis, they fail because HOLA preempts them. HOLA was enacted in 1933 to govern the activities of federal savings associations. *See Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008); *Stefan v. Wachovia*, No. C-09-2252-SBA, 2009 WL 4730904, at *2 (N.D. Cal. Dec. 7, 2009). "HOLA created what is now the OTS [Office of Thrift Supervision] for the purpose of administering the statute, and it provided the OTS with 'plenary authority' to promulgate regulations involving the operation of federal savings associations." *Wachovia*, 2009 WL 4730904, at *2 (quoting *State Farm Bank v. Reardon*, 539 F.3d 336, 342 (6th Cir. 2008)). When a federal savings association originates a loan, even if the loan is later transferred, HOLA preemption applies. *See DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) ("Wells Fargo notes that at the time the loan was made to the [Plaintiffs], World Savings Bank, FSB was a federally chartered savings bank organized and operating under HOLA and observes correctly that the same preemption analysis would apply to any alleged conduct [that occurred after] the lender merged into a national banking association.") (internal quotation omitted); *Haggarty v. Wells Fargo Bank, N.A.*, No. C 10-02416 CRB, 2011 WL 445183, at *4

(N.D. Cal. Feb. 2, 2011) ("Where a national association, such as Defendant [Wells Fargo], acquires the loan of a federal savings bank, it is proper to apply preemption under HOLA.").

11. In this case, World Savings, a federal savings bank subject to HOLA, originated Plaintiff's loan. (*See* Appx. at 1.) Because World Savings originated Plaintiff's loan, HOLA preemption applies. See *DeLeon*, 729 F. Supp. 2d at 1126.

(b) *Plaintiff's Show-Me-The-Note Claims are Preempted by HOLA*

12. Plaintiff's Show-Me-The Note Claims are preempted by HOLA. The OTS has authority to issue broad regulations that preempt state law. *Wachovia*, 2009 WL 4730904, at *2. 12 C.F.R. § 560.2(b)(10) provides for HOLA preemption of state laws that impose upon a federal savings bank any requirement affecting "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(10). "State laws" include "any statute, regulation, ruling, order or judicial decision." 12 C.F.R. § 560.2(a).

13. Numerous federal district courts have analyzed HOLA preemption in the foreclosure context. The overwhelming majority of those courts have held that HOLA preempts "state laws" that impose additional pre-foreclosure requirements on a lender. *See, e.g., Taguinod v. World Savings Bank, FSB*, 755 F. Supp. 2d 1064, 1073-74 (C.D. Cal. 2010) (holding that a "state law" requiring a lender to delay foreclosure and explore foreclosure alternatives with borrowers was preempted by HOLA); *DeLeon*, 729 F. Supp. 2d at 1126 (holding that "state law" requiring particular notice and publication requirements relating to foreclosure was preempted by HOLA); *Ahmed v. Wells Fargo Bank & Co.*, No. C 11-0436, 2011 WL 1751415, at *3-4 (N.D. Cal. May 9, 2011) (holding that claims "predicated upon alleged improprieties in the foreclosure procedure used by defendants . . . affect lending" and are preempted); *Giordano v. Wachovia Mortgage, FSB*, No. 5:10-cv-04661-JF, 2010 WL 5148428, at *4 (N.D. Cal. Dec. 14, 2010)

(holding that a "state law" that "imposes additional disclosure and communications obligations upon a lender prior to commencement of foreclosure proceedings is not 'incidental' to lending"); *Murillo v. Aurora Loan Servs., LLC*, No. C 09-00503 JW, 2009 WL 2160579, at *4 (N.D. Cal. July 17, 2009) (holding that a "state law" requiring certain notice and filing requirements relating to foreclosure was preempted by HOLA).

14. In this case, Plaintiff's Show-Me-The-Note claims are intended and serve to impose additional pre-foreclosure burdens on Wells Fargo. Plaintiff seeks, for example, to require that before Wells Fargo may foreclose it must: (1) "produce the one and only Original Promissory Note" (Petition ¶ 15); "provide a complete and itemized statement of the loan history" (*id.*); provide the date of "each and every debit and credit to any account relating to this loan" (*id.*); detail "the nature and purpose of each debit and credit" (*id.*); and provide "the name and address of the payee of any type of disbursement related to this account," (*id.*). Plaintiff's Show-Me-The-Note Claims burden Wells Fargo's "servicing" of the loan and are, therefore, preempted by HOLA. *See, e.g., Taguinod*, 755 F. Supp. 2d 1073-74; *see also* 12 C.F.R. § 560.2(a) (providing that "state law" includes any court "ruling, order or judicial decision"); 12 C.F.R. § 560.2(b)(10).

### D. Plaintiff Fails to State a Claim for Violations of RESPA

15. Plaintiff appears to assert a claim for violations of RESPA based on Wells Fargo's alleged failure to respond to two alleged QWRs. RESPA requires a loan servicer to timely respond to a borrower's QWR. 12 U.S.C. § 2605(e); *Akintunji v. Chase Home Fin., L.L.C.*, No. H-11-389, 2011 WL 2470709, at *2 (S.D. Tex. June 20, 2011); *Anderson v. CitiMortgage, Inc.*, No. 4:10-CV-398, 2011 WL 1113494, at *5 (E.D. Tex. Mar. 24, 2011); *Shatteen v. JPMorgan Chase Bank, N.A.*, No. 4:10-cv-107, 2010 WL 4342073, at *8 (E.D. Tex. Sept. 30, 2010). A

QWR is written correspondence from a borrower that: (1) identifies or otherwise enables the servicer to identify the name and account of the borrower; and (2) includes a statement of the reasons for the borrower's belief, if applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. *Akintunji*, 2011 WL 2470709, at *2; *Anderson*, 2011 WL 1113494, at *5. A plaintiff suing for violations of Section 2605 of RESPA must allege that he suffered actual damages resulting from the violation. *Akintunji*, 2011 WL 2470709, at *2.

16.     Plaintiff does not allege facts sufficient to establish his RESPA claim. Plaintiff does not allege to whom he sent the alleged QWRs, where he sent them, what he requested in the second alleged QWR, whether a response was ever sent to him, and he does not allege that he suffered damages as a result of any alleged RESPA violation. Accordingly, the Court should dismiss Plaintiff's RESPA claim. *See Akintunji*, 2011 WL 2470709, at *2; *Anderson*, 2011 WL 1113494, at *5; *Shatteen*, 2010 WL 4342073, at *8.

## IV.
## CONCLUSION AND PRAYER

WHEREFORE, Wells Fargo respectfully requests that the Court grant the foregoing Motion, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismiss all of Plaintiff's claims as a matter of law, with prejudice as to the refiling of same.

Respectfully submitted,

/s/ Johnathan E. Collins
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Johnathan E. Collins**
  State Bar No. 24049522
  jcollins@lockelord.com
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**ATTORNEYS FOR DEFENDANT WELLS FARGO BANK, N.A.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served pursuant to the Federal Rules of Civil Procedure via certified mail, return receipt requested on this 30th day of June, 2011:

Antonio Caballero
P. O. Box 801553
Dallas, Texas 75380
Telephone: (214) 475-3793
*Plaintiff Pro Se*

/s/ Johnathan E. Collins
Attorney for Defendant