IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO CABALLERO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1385-O-BD |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has filed a Rule 12(b)(6) motion to dismiss this *pro se* civil action brought by Antonio Caballero arising out of foreclosure proceedings initiated against his property in Dallas, Texas. As best the court can decipher his pleadings, plaintiff generally complains that defendant posted the property for foreclose without proper notice, failed to produce the original promissory note, and refused to cancel or postpone the foreclosure sale after plaintiff sent two qualified written requests to the bank. (*See* Plf. Orig. Pet. at 2-4, ¶¶ 8-15). Based on this conduct, plaintiff sues for violations of the Texas Property Code, the Texas Debt Collection Practices Act, and the Real Estate Settlement Procedures Act. Defendant now moves to dismiss all claims and causes of action. Plaintiff has filed a response to the motion, and this matter is ripe for determination.

Because defendant relies on matters outside the pleadings, including the Deed of Trust, the court treats this motion as one for summary judgment under Rule 56. *See* FED. R. CIV. P. 12(d).[1]

---

[1] Plaintiff was duly notified that the court intended to treat defendant's motion to dismiss as one for summary judgment, and was given an opportunity to present all material pertinent to the motion. *See* Order, 6/30/11 at 1, *citing* FED. R. CIV. P. 12(d).

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id., quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 113 S.Ct. 98 (1992). Once the movant meets this burden, the nonmovant who has the burden of proof at trial must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

Plaintiff appears to allege that defendant violated the Texas Property Code because it did not prove physical possession of the original promissory note before initiating foreclosure proceedings against his property. (*See* Plf. Orig. Pet. at 3-4, ¶¶ 9-11). A similar claim was rejected by this court in *Dillard v. Mortgage Electronic Registration Systems, Inc.*, No. 3-10-CV-0091-N (N.D. Tex. Apr. 16, 2010), *appeal dism'd*, No. 11-10069 (5th Cir. Apr. 21, 2011). In *Dillard*, the plaintiffs alleged that defendants violated one or more provisions of the Texas Property Code and other statutes because they failed to issue proper notices before initiating foreclosure proceedings, did not record transfers of the lien prior to accelerating the note, and failed to produce the original promissory note. Those claims were dismissed at the pleading stage because the plaintiffs failed to identify any statutory provision that required the defendants to take such actions. *See Dillard*, No. 3-10-CV-0091-N, op. at 4-5. The same is true here. Plaintiff has not cited to any statute or other authority

that requires a mortgagee or mortgage servicer to produce the original note before initiating foreclosure proceedings. To the contrary, the Texas Property Code allows either a mortgagee or mortgage servicer to administer a deed of trust foreclosure *without* production of the original note. *Id.*, op. at 4 n.1, *citing* TEX. PROP. CODE ANN. §§ 51.002, 51.0025 (Vernon 2007); *see also Coleman v. Bank of America, N.A.*, No. 3-11-CV-0430-G-BD, 2011 WL 2516169 at *2 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. Jun. 22, 2011); *Broyles v. Chase Home Finance*, No. 3-10-CV-2256-G, 2011 WL 1428904 at *3 (N.D. Tex. Apr. 13, 2011); *Crear v. Mortgage Electronic Registration Systems, Inc.*, No. 3-10-CV-0463-N, Mag. J. F&R at 4-5 (N.D. Tex. Jul. 22, 2010), *rec. adopted*, (N.D. Tex. Aug. 19, 2010), *aff'd*, No. 10-10875, 2011 WL 1129574 (5th Cir. Mar. 28, 2011); *Sawyer v. Mortgage Electronic Registration Systems, Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768 at *3 (N.D. Tex. Feb. 1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010).[2]

Plaintiff also alleges that defendant violated the Texas Debt Collection Practices Act ("TDCPA"), codified at Tex. Fin. Code Ann. § 392.001, *et seq.*, by fraudulently claiming authority to initiate foreclosure proceedings against his property. (*See* Plf. Orig. Pet. at 4, ¶¶ 12-14). However, plaintiff does not point to any threats, prohibited actions, or false and deceptive statements by defendant that violate the TDCPA. His vague, generalized, and conclusory allegations are insufficient to avoid dismissal of this claim. *See Holley v. Bank of America Nat'l Ass'n*, No. 3-10-CV-2261-B, 2011 WL 1303252 at *2 (N.D. Tex. Apr. 4, 2011) (dismissing claim for violations of TDCPA where plaintiff failed to identify specific acts or practices that were prohibited by statute).

---

[2] To the extent plaintiff contends that defendant violated sections 51.002 and 51.0025(2) of the Texas Property Code by failing to issue proper notices in connection with the scheduled foreclosure sale of his property, those provisions apply only to the sale of real property pursuant to a power of sale. Where, as here, no foreclosure sale has taken place, a plaintiff may not recover under those statutory provisions. *See Dillard*, No. 3-10-CV-0091-N, op. at 4.

Next, plaintiff accuses defendant of violating the Real Estate Settlement Procedures Act, or RESPA, by failing to properly respond to two written requests for "the Name Of the Current Owner and Holder of the Note, make Original Note available for Inspection, Loan History from inception of the loan to present time, Forms: S3, 424(b)(5), FR 2046, FR 2049, FR 2099s." (*See* Plf. Orig. Pet. at 2-3, ¶ 8). RESPA provides, in pertinent part:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A). Not later than 60 days after receipt of a "qualified written request" from the borrower,[3] the servicer must, *inter alia*, conduct an investigation and provide the borrower with: (1) a written explanation of why the servicer believes the account information is correct; and (2) the name and telephone number of someone employed by the servicer who can provide assistance to the borrower. *Id.* § 2605(e)(2)(B). A plaintiff must allege and prove actual damages resulting from a RESPA violation. *See id.* § 2605(f)(1)(A) ("Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: in the case of any action by an individual, an amount equal to the sum of . . . any actual damages to the borrower

---

[3] A "qualified written request" is defined by RESPA as written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--

    (i)    includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

    (ii)    includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

as a result of the failure."). Not only has plaintiff failed to adduce any evidence that he submitted a "qualified written request" for information about his loan account or that defendant did not timely respond to such a request, there is no evidence that plaintiff has suffered actual damages as a result of any inadequate response or failure to respond. *See Akintunji v. Chase Home Finance, L.L.C.*, No. H-11-389, 2011 WL 2470709 at *2-3 (S.D. Tex. Jun. 20, 2011) (dismissing RESPA claim against defendant where plaintiff failed to allege actual damages); *Collier v. Wells Fargo Home Mortgage*, No. 7-04-CV-086-K, 2006 WL 1464170 at *3 (N.D. Tex. May 26, 2006) (same).

In an amended complaint filed without leave of court, plaintiff generally alleges that:

> Defendant and their representatives have used prohibited debt collection methods in violation of the Texas Finance Code. Defendant has threatened to foreclose on Plaintiff's Homestead Residence. This is Coercive and Threatening. This Conduct is abusive and harassing. Such acts are an unconscionable and unfair means to collect the debt allegedly owed.

(*See* Plf. First Am. Compl. at 5, ¶ 4). Even if the court allows plaintiff to assert this new claim,[4] which arises under common law, not the Texas Finance Code, it should be summarily dismissed. The tort of unreasonable collection efforts requires more than plaintiff has alleged in his pleadings. It requires plaintiff to plead facts that amount to "a course of harassment" by defendant that "was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *See Coleman*, 2011 WL 2516169 at *2, *citing Burnette v. Wells Fargo Bank, N.A.*, No. 4-09-CV-370, 2011 WL 676955 at *6 (E.D. Tex. Jan. 27, 2011), *rec. adopted*, 2011 WL 675392 (E.D. Tex. Feb. 16, 2011). Plaintiff's allegations do not even approach that standard.

---

[4] The federal rules permit a party to amend his pleading once as a matter of course "within 21 days after serving it[.]" FED. R. CIV. P. 15(a)(1). In all other cases, a party may amend only with leave of court or the written consent of the opposing party. *See* FED. R. CIV. P. 15(a)(2). Because plaintiff filed his amended complaint more than 21 days after serving his original pleading and never obtained leave of court or the written consent of defendant, the amended pleading is not properly filed.

## RECOMMENDATION

Defendant's Rule 12(b)(6) motion to dismiss [Doc. #9], which the court treats as a Rule 56 motion for summary judgment, should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 25, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE